**UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| HIAWATHA MANOR ASSOCIATION, INC., | Case No. 25-01916 |
| Debtor. | Hon. Randal S. Mashburn |
| HIAWATHA MANOR ASSOCIATION, INC., | |
| Plaintiff, | |
| v. | Adv. Pro. 2:25-ap-90052 |
| CAROL JO CARRARA, *et al.*, | |
| Defendants. | |

**STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF HIAWATHA MANOR ASSOCIATION, INC.'S MOTION FOR SUMMARY JUDGMENT**

Hiawatha Manor Association, Inc. (the "***Debtor***"), the debtor and debtor in possession in the above captioned chapter 11 case (the "***Chapter 11 Case***") and the plaintiff in the above captioned adversary proceeding (the "***Adversary Proceeding***"), files this statement of undisputed facts in support of *Hiawatha Manor Association, Inc.'s Motion for Summary Judgment* (the "***Motion***"),[1] and in support of the Motion, respectfully states as follows:

1. The Debtor is a Tennessee non-profit corporation and the condominium owners association of that certain 70-unit (each a "***Unit***" and collectively, the "***Units***") development located at 8007 Cherokee Trail, Crossville, Tennessee 38572, which is commonly known as the

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion and *Declaration of Alexander Krakovsky in Support of Hiawatha Manor Association, Inc.'s Motion for Summary Judgment* (the "***Krakovsky Declaration***").

Hiawatha Manor West (the "*Hiawatha West Property*"). (Complaint ¶ 10; Krakovsky Declaration, ¶ 5.)

**RESPONSE:**

2. The Units are residential condominiums and are not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat. (Complaint ¶ 33.)

**RESPONSE:**

3. None of the Defendants have objected to the Sale Motion or filed a response to the Complaint. (Krakovsky Declaration, ¶ 30.)

**RESPONSE**:

4. The original developer of the Hiawatha West Property, Tansi Resort, Inc., a Tennessee corporation, submitted the Hiawatha West Property to condominium ownership and registered the Hiawatha West Property as an "Interval Ownership" timeshare condominium under that certain Declaration of Horizontal Property Regime Master Deed, Hiawatha Manor West, Lake Tansi Village, Crossville, Tennessee, dated as of August 3, 1982 (Complaint ¶ 11; Krakovsky Declaration, ¶ 6.)

**RESPONSE:**

5. Prepetition, the Debtor solicited consent from the Unit Owners to proceed with an out of court sale process. The votes failed in both instances due to the Debtor's inability to gather

a sufficient quorum of current owners of the timeshare interests to meet the requisite voting threshold. (Complaint ¶¶ 13-14; Krakovsky Declaration ¶ 22).

**RESPONSE:**

6. Regardless of the failure of the vote, the Debtor owns its interests in the Units as a tenant in common with Defendants. (Complaint ¶ 15; Krakovsky Declaration ¶ 4.)

**RESPONSE:**

7. The Debtor is the owner of 70 undivided fractional interests as a tenant in common with one or more of the Defendants in each of the Units at the Hiawatha West Property. (Complaint ¶ 12; Krakovsky Declaration ¶ 4.)

**RESPONSE**

8. In addition to the co-tenants, title work conducted by the Debtor in anticipation of a sale of the Hiawatha West Property has revealed approximately one hundred eighty-three (183) additional individuals or entities that appear in the title chain records for the Hiawatha West Property but do not hold any valid legal or equitable interest in the Units (such individuals and/or entities, "*Clouders*"). (Complaint ¶ 17.)

**RESPONSE:**

9. Many of the tenants in common have either walked away from their ownership and stopped paying maintenance fees or transferred their interests to timeshare relief companies. (Complaint ¶ 19; Krakovsky Declaration ¶ 18.)

6

Case 2:25-ap-90052    Doc 41    Filed 01/19/26    Entered 01/19/26 15:16:58    Desc Main
Document    Page 3 of 8

**RESPONSE:**

10. Many of the tenants in common fail to pay maintenance fees, resulting in the Debtor having accounts receivable of nearly $7,580,000, which are secured by statutory liens against the interests of the delinquent tenants in common. (Schedule A/B, Part 3, #11; Krakovsky Declaration, ¶¶ 19-20.)

**RESPONSE:**

11. The decreased revenue at the Hiawatha West Property is not sufficient to cover the Hiawatha West Property's monthly operating and maintenance costs. (Complaint ¶ 21; Krakovsky Declaration ¶ 21.)

**RESPONSE:**

12. The sale of the Debtor's undivided interest in the Units together with the co-owner interests enables the Debtor to market the Units as a whole. Because comparable sales are limited, the Debtor's current estimate that the Property will generate approximately $ 3,000,000 in gross sale value is a conservative estimate based on the number of units and market conditions in the area; the ultimate value will be determined by the competitive auction process. (Krakovsky Declaration, ¶ 27.)

**RESPONSE:**

13. Given the fractional ownership structure of the Units, it would be impracticable to partition the Property between the interests of the estate and the co-owners and the current

7

estimated sale price for the Property as a whole far exceeds the proportional share of what the Debtor would be able to obtain if it was forced to sell its Units separately from the entire Property. (Krakovsky Declaration, ¶ 31).

**RESPONSE**:

14. The Debtor's broker team, CREXI and HREC, is implementing a broad marketing campaign designed to attract a large and diverse population of potential bidders for the Hiawatha West Property, which it expects will result in a successful and competitive public auction. (Krakovsky Declaration, ¶ 25-26.)

**RESPONSE:**

15. Attached as **Exhibit A** to the Krakovsky Declaration and incorporated herein by reference is a list of all the Defendants that may own or otherwise assert an interest in the Hiawatha West Property and their last known address, which list was derived from the title work performed by the Debtor prior to, and following, the Petition Date. (Krakovsky Declaration, ¶ 28.)

**RESPONSE:**

16. The addresses attached as **Exhibit A** to the Krakovsky Declaration were sourced from (a) the original deeds recorded in the real property records, (b) the last known address of each Defendant reflected in the Debtor's books and records, and (c) the results of a service retained by the Debtor prepetition to skip-trace each Defendant. (Krakovsky Declaration, ¶ 29.)

**RESPONSE:**

17. The Debtor served by first class mail, postage prepaid, the summons on the domestic addresses on **Exhibit A** to the Krakovsky Declaration, on June 2, 2025, and the Debtor served the summons on the foreign addresses on **Exhibit A** to the Krakovsky Declaration by FedEx with return receipt required in compliance with Federal Rule of Civil Procedure 4(f) on May 29, 2025. (Adv. Pro. Doc. Nos. 10, 11; Krakovsky Declaration, Exhibit A.)

**RESPONSE:**

18. On August 6, 2025, the Court entered the *Expedited Order Authorizing Service by Publication Pursuant to Rules 7004(c) and 9008 of the Federal Rules of Bankruptcy Procedure* (the "**Publication Order**") (Adv. Pro. Doc. No. 17.)

**RESPONSE:**

19. The Debtor completed service by publication on the Defendants in accordance with the Publication Order via publishing notice in USA Today on September 15, 2025, and the Crossville Chronicle on September 16, 2025 and September 23, 2025. *Certificate of Service by Publication* (Adv. Pro. Doc. No. 25).

**RESPONSE:**

20. Hiawatha Manor West Association, Inc., the Tennessee not-for-profit corporation that holds and administers timeshare interests in the Hiawatha West Property, has been consulted during the course of preparing this Motion and throughout the sale process, and consents to the going forward of both items.

**RESPONSE:**

9

21. Hiawatha Manor West Association, Inc. is the owner of 691 undivided fractional interests as a tenant in common with one or more of the Defendants in each of the Units at the Hiawatha West Property.

**RESPONSE:**


Dated: January 19, 2026

Respectfully submitted,
**HOLLAND & KNIGHT LLP**

 */s/ Blake D. Roth*
Blake D. Roth (Federal ID No. 2666808)
C. Scott Kunde (TN Bar No. 040218)
511 Union Street, Suite 2700
Nashville, TN 37219
Telephone: (615) 244-6380
Facsimile: (615) 244-6804
Email: Blake.Roth@hklaw.com
　　　　Scott.Kunde@hklaw.com

*Counsel for the Debtor and Debtor in Possession*

10

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was filed and served via the Court's CM/ECF system on January 19, 2026, on the Office of the United States Trustee for the Middle District of Tennessee, and all parties who are registered to receive electronic notice through the Court's CM/ECF system.

                                                                       */s/ Blake D. Roth*