# UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| In re:<br><br>HIAWATHA MANOR ASSOCIATION, INC.,<br><br>Debtor. | Chapter 11<br><br>Case No. 25-01916<br><br>Hon. Randal S. Mashburn |
| HIAWATHA MANOR ASSOCIATION, INC.,<br><br>Plaintiff,<br><br>v.<br><br>CAROL JO CARRARA, et al.,<br><br>Defendants. | Adv. Pro. 2:25-ap-90052 |

### Limited Objection and Reservation Concerning Predicate Authority

Objector is a party in interest in the above-captioned bankruptcy case and submits this limited objection solely to preserve the record and to avoid the entry of relief that rests upon assumed authority not adjudicated in this proceeding.

Objector does not dispute that 11 U.S.C. § 363(h) permits the sale of the entire property in which a debtor holds an established ownership interest, notwithstanding minority ownership, but submits that such relief presupposes that the debtor's ownership interest has been established and not merely assumed.

The relief sought in this adversary proceeding relies upon the Debtor's asserted ownership interest and authority with respect to property associated with Hiawatha Manor West. That asserted authority is derived entirely from the January 8, 2025 transfer of seventy timeshare

1

intervals from Hiawatha Manor West Association, Inc. ("West") to Hiawatha Manor Association, Inc. ("East").

East held no ownership interest in any West property, prior to that transfer. East's entire asserted interest in West consists of one week out of fifty-two in each of seventy units, and that interest exists solely by virtue of the January 8, 2025 transfer and not by any management, services, or operational agreement. Absent an assumption that the transfer validly conferred authority, East would hold no ownership interest in West property and no basis to seek relief affecting it.

The authority, execution, and legal effect of the January 8, 2025 transfer have not been adjudicated and remain unresolved on the present record. West, the transferor of the intervals and a continuing property holder, has not been named as a party to this adversary proceeding. Any relief premised upon East's authority with respect to West property therefore necessarily depends upon a transfer whose legal effect has not been adjudicated and whose transferor is not before the Court.

Objector does not ask the Court in this posture to determine the ultimate validity of the January 8, 2025 transfer. Objector asks only that the Court decline to enter relief that presumes authority derived from that transfer without proper party alignment or adjudication, and that any relief entered be narrowly framed so as not to imply findings regarding West's authority, consent, or property interests.

This limited objection is submitted to preserve the integrity of the record and to avoid the adjudication of non-party rights by implication.

In addition to these unresolved predicate-authority issues, the Debtor's own Statement of Undisputed Facts creates a separate and independent procedural defect that precludes summary judgment. Even if the Court were to assume, solely for purposes of argument, that the January 8, 2025 transfer validly conferred authority, the Debtor's admissions establish that Hiawatha Manor West Association, Inc. remains a co-owner of the property at issue and therefore an indispensable party under Rule 7019.

## Indispensable Party Defendant Under Rule 7019

Under binding Sixth Circuit authority, a court may not enter relief that would extinguish or materially impair the property rights of a non-party. When the record shows that a non-party holds a present co-ownership interest in the property at issue, that party is indispensable under Rule 7019, and the Court cannot proceed to judgment in its absence. The Debtor's own Statement of Undisputed Facts establishes that Hiawatha Manor West Association, Inc. remains a co-owner of the property the Debtor seeks to sell under § 363(h). Because West has not been joined or served, the Court cannot grant summary judgment without adjudicating the rights of an absent co-owner, which Sixth Circuit law does not permit. At minimum, West's absence precludes summary judgment and requires joinder of the co-owner before the Court may consider any relief under § 363(h).

The Debtor's Statement of Undisputed Facts states that "Hiawatha Manor West Association, Inc. is the owner of 691 undivided fractional interests as a tenant in common with one or more of the Defendants in each of the Units at the Hiawatha West Property." SUF ¶ 21. This admission establishes that West is a co-owner of the property the Debtor seeks to sell under § 363(h). Because § 363(h) requires that all co-owners be joined in the action and afforded the protections of Rule 7004 and Rule 7019, the Debtor's failure to name or serve West, while

3

simultaneously acknowledging West's ownership of 691 intervals, renders the Motion procedurally defective and precludes summary judgment as a matter of law.

Under Sixth Circuit law, parties whose property rights would be extinguished or materially impaired by the requested relief are indispensable under Rule 7019 and must be joined. A sale under § 363(h) necessarily extinguishes the co-owner's interest. The Debtor's own Statement of Undisputed Facts admits that Hiawatha Manor West Association, Inc. owns 691 undivided fractional interests as a tenant in common in each Unit. Because the relief sought would eliminate West's co-ownership rights, West is an indispensable party whose joinder is mandatory. The Debtor's failure to name or serve West is a threshold procedural defect that bars summary judgment.

For these reasons, and without asking the Court to adjudicate the validity, effect, or enforceability of the January 8, 2025 transfer or any related ownership issues, Objector respectfully requests that the Court decline to enter any order in this adversary proceeding that presumes the existence of authority or ownership interests that have not been established on the present record. This objection is submitted solely to preserve procedural rights and to ensure that no relief is granted on an incomplete evidentiary foundation. All objections and arguments previously raised in the Abernathy adversary are incorporated here by reference to the extent applicable.

Dated: March 6, 2026                                Respectfully submitted,

                                                    /s/ Linda Simmons
                                                    Linda Simmons, pro se
                                                    9643 Chanteclair Circle
                                                    Highlands Ranch, CO 80126
                                                    Telephone: (615) 594-2866
                                                    Email: lindasimmons2866@gmail.com

## CERTIFICATE OF SERVICE

   I hereby certify that on March 6, 2026, I served a true and correct copy of the foregoing Limited Objection and Reservation Concerning Predicate Authority via the Court's CM/ECF system on all registered participants, including:

- Blake D. Roth – Counsel for Debtor
- C. Scott Kunde – Counsel for Debtor
- Thomas H. Forrester – Counsel for Lake Tansi Village POA
- Rebecca J. Yielding – Trial Attorney, Office of the U.S. Trustee
- Office of the United States Trustee
- Michael E. Collins – Counsel for Hiawatha Manor West Association, Inc.
- S. Marc Buchman – Counsel for Hiawatha Manor West Association

/s/ Linda Simmons
Linda Simmons
9643 Chanteclair Circle
Highlands Ranch, CO 80126
Telephone: (615) 594-2866
Email: lindasimmons2866@gmail.com