**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | |
|---|---|
| In re:<br><br>HIAWATHA MANOR ASSOCIATION, INC.,<br><br>Debtor. | Chapter 11<br><br>Case No. 25-01916<br><br>Hon. Randal S. Mashburn |
| HIAWATHA MANOR ASSOCIATION, INC.,<br><br>Plaintiff,<br><br>v.<br><br>CAROL JO CARRARA, *et al.*,<br><br>Defendants. | Adv. Pro. 2:25-ap-90052 |

**DEBTOR'S REPLY TO LIMITED OBJECTION**
**AND RESERVATION CONCERNING PREDICATE AUTHORITY**
**(HIAWATHA WEST)**

Hiawatha Manor Association, Inc. (the "***Debtor***"), by and through its undersigned counsel, files this reply to *Limited Objection and Reservation Concerning Predicate Authority* (A.P. Dkt. No. 46) (the "***Simmons Objection***") and respectfully states as follows:

**PRELIMINARY STATEMENT**

1. On May 6, 2025, the Debtor filed a voluntary petition for relief in this Court, pursuant to chapter 11 of the Bankruptcy Code, thus commencing the above captioned chapter 11 case.

2. On that same day, the Debtor filed its Complaint initiating the above captioned adversary proceeding (the "***Adversary Proceeding***").

3.  On January 19, 2026, the Debtor filed (i) *Hiawatha Manor Association, Inc.'s Motion for Summary Judgment* (A.P. Dkt. No. 40) (the "**Motion for Summary Judgment**"), (ii) *Statement of Undisputed Facts in Support of Hiawatha Manor Association, Inc.'s Motion for Summary Judgment* (A.P. Dkt. No. 41) (the "**Statement of Undisputed Facts**")*, Brief in Support of Hiawatha Manor Association, Inc.'s Motion for Summary Judgment* (A.P. Dkt. No. 42) (the "**MSJ Brief**"), and *Affidavit of Alexander Krakovsky in Support of Motion for Summary Judgment and Entry of Summary Judgment* (A.P. Dkt. No. 43) (the "**Krakovsky Affidavit**", together with the Statement of Undisputed Facts and the MSJ Brief, collectively, the "**Supporting Documents**") whereby it seeks declaratory relief to sell the entire Hiawatha West Property.

4.  The Adversary Proceeding involves more than 2,700 defendants, all of whom have been provided notice of the ongoing proceedings at various stages, both through typical, official forms of notice, as well as notice by publication and informal notices provided through the Debtor's website and ordinary course timeshare owner communication methods.

5.  Over the last ten months, the Debtor has received dozens of phone calls from defendants and various defendants have attended hearings and status conferences held by the Court (always scheduled and coordinated in a manner to make them easily accessible to defendants), and in no instance has any defendant voiced their objection, formally or informally, to the sale of the Hiawatha West Property until the Simmons Objection.

**<u>ARGUMENT</u>**

**A. <u>Ms. Simmons lacks standing in the Hiawatha West Adversary Proceeding.</u>**

6.  Ms. Simmons is not an owner of any unit or interval in the Hiawatha West Property and therefore lacks standing to object in the Adversary Proceeding.

2

#534907840_v3

7. Under 11 U.S.C. § 1109, a "party in interest" is broadly defined to include the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee. However, this list is non-exhaustive, and courts have interpreted the term to include any entity with a direct pecuniary interest in the bankruptcy case. *See In re TAJ Graphics Enters., LLC*, 592 B.R. 668 (2018).

8. While Ms. Simmons is a party to the adversary proceeding relating to the Hiawatha East Property, she is not an owner in the Hiawatha West Property, has no pecuniary interest in the sale of Hiawatha West Property, and is without standing to proceed in this Adversary Proceeding.

**B. <u>Hiawatha West consents to the sale and is therefore an unnecessary party to this Adversary Proceeding.</u>**

9. Ms. Simmons expresses her concern that the Debtor's "sister" association, Hiawatha Manor West Association, Inc. ("***Hiawatha West***") is not party to the Adversary Proceeding. However, as stated in the Motion for Summary Judgement, the Debtor seeks **only** declaratory relief from the Court to sell co-owners' interests in the Hiawatha West Property.

10. The Debtor needs the Court's authority only to the extent owners do not consent (and to the extent it would be impracticable to obtain such consents).

11. Hiawatha West consents, and always has consented, to the sale process and will be party to the final sale documents.

12. Accordingly, the Debtor has not named Hiawatha West as a party to this Adversary Proceeding because the Debtor does not need relief with respect to Hiawatha West's ownership interests.

WHEREFORE, the Simmons Objection should be overruled, and the Motion for Summary Judgment should be granted, in accordance with the relief as specifically requested therein.

Dated: March 19, 2026                                                    Respectfully submitted,

3

#534907840_v3

<div style="margin-left:50%;">

_/s/ Blake D. Roth_

Blake D. Roth (TN BPR No. 031499)
C. Scott Kunde (TN BPR No. 040218)
**Holland & Knight LLP**
511 Union Street, Ste. 2700
Nashville, TN 37219
Telephone:     615.244.6380
Facsimile:     615.244.6804
Email: blake.roth@hklaw.com
      scott.kunde@hklaw.com

_Attorneys for the Debtor and Debtor in Possession_

</div>

4

#534907840_v3

## CERTIFICATE OF SERVICE

I hereby certify that on March 19, 2026, a copy of the foregoing was sent via ECF to the U.S. Trustee and all parties registered to receive electronic notice.

*/s/ Blake D. Roth*
Blake D. Roth (TN Bar No. 031499)
C. Scott Kunde (TN Bar No. 040218)
511 Union Street, Suite 2700
Nashville, TN 37219
Telephone: (615) 244-6380
Facsimile: (615) 244-6804
Email: Blake.Roth@hklaw.com
    Scott.Kunde@hklaw.com

*Counsel for the Debtor and Debtor in Possession*

5

#534907840_v3